RABELL, PLAINTIFF AND APPELLANT, *v.* RODRÍGUEZ ET AL.,
DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Aguadilla in an Action
Involving the Demolition of a House and Legal Servi-
tudes.

No. 1349.—Decided July 28, 1916.

INJUNCTION—ANCIENT INTERDICT—DEMOLITION OF STRUCTURE—EQUITY.—The an-
cient civil code remedy of an interdict to enjoin the construction or to obtain
the demolition of a newly erected structure has been largely superseded by
the ordinary proceeding for injunction, such matters now being governed by
the general principles of equity.
ID.—ESTOPPEL.—The doctrine of estoppel is as well known to the Civil Code
as to any court of equity.
ID.—ID.—DEMOLITION OF STRUCTURE—MUNICIPAL ORDINANCE—SANITARY REGU-
LATION.—A neighbor who for weeks or months observes the construction of
a house on an adjoining lot without any protest or objection cannot thereafter
obtain an order of court for the demolition of such structures merely because
the municipal or Insular Government officials permitted slight deviations from
some building ordinance or health regulation.
SERVITUDE OF LIGHT AND VIEW—DOORS, WINDOWS, BALCONIES AND SIMILAR PRO-
JECTIONS—CONSTRUCTION OF LAW.—It was not the intention of the Legisla-
ture to include *doors* among windows, balconies and other similar projec-
tions enumerated in section 589 of the Civil Code, for if it had been it would
have done so by name and not by implication.

The facts are stated in the opinion.

*Messrs. Carlos Franco Soto* and *José de Guzmán Bení-
tez* for the appellant.

*Mr. Alfredo Blasco Pagán* for the appellees.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

The facts and issues involved herein, the findings made
and the conclusions reached by the trial judge are stated
with reasonable fullness in a written opinion filed in the
court below as follows:

"This is an action brought by Narciso Rabell against defendants
Nicolás Rodríguez and the Municipality of San Sebastián in which
it is alleged in substance that the complainant and defendant Nicolás
Rodríguez are of age and residents of the town of San Sebastián,
Porto Rico, and the Municipality of San Sebastián is a juridical cor-
poration organized under the laws of Porto Rico; that the complain-
ant is the owner of a house situated on Miradero Street of the town

of San Sebastián, built of masonry and roofed with zinc, measuring ten meters in front by fifteen meters in depth and bounded on the right entering, or North, by a house of Nicolás Rodríguez; on the left and rear, or South and West, by the court-yard of the town-hall, and on the front, or East, by the street on which it is situated; that the said house was built prior to the year 1896 by his original predecessor in title, Lorenzo Orfila, on a lot belonging to the Municipality of San Sebastián upon which the complainant, in his own right and through his predecessors in title, has the right of perpetual usufruct by concession from the Municipality of San Sebastián, the said concession being without limitation, encumbrance or servitude whatever; that the defendant is the owner of a one-story house situated on Miradero and Miraflores streets of the Municipality of San Sebastián, built of wood and roofed with zinc, having a privy with septic and filtering cesspools measuring 23 feet in front by 41 feet and 9 inches in depth, bounded on the East and North by Miradero and Miraflores streets, respectively; on the South by the house of the complainant, and on the West by house of the Succession of Caballero. The said house was constructed by the defendant with his own money during the last six months of the year 1913 on a lot owned by the Municipality of San Sebastián upon which the said defendant has the right of usufruct by virtue of a concession from the Municipality of San Sebastián; but complainant alleges that such concession for the erection of the said house was subject to certain limitations or legal obligations imposed by the Sanitary Regulations and municipal ordinances of the Municipality of San Sebastián in reference to the construction of buildings and that such limitations or legal obligations were not observed by the defendant, nor did the Municipality of San Sebastián exact that the same should be complied with, the said concession being null and void and the manner and form in which the said house was built by the defendant being illegal; that notwithstanding the fact that the concession granted by the Municipality of San Sebastián to the defendant for the construction of his house could not authorize the said defendant to violate the provisions of the ordinances of the said municipality governing matters of construction, with which the said municipality did not require him to comply, without the consent of the complainant, he erected the south side-wall of the house which is 10.60 meters long parallel to the North main wall of the house of the complainant at a distance from the latter varying from 46 centimeters to 1.60 meters; that in the South side-

wall of the house described in the fourth count of this complaint the said defendant has a window and a door opening directly upon the house of the complainant, the distance between the side-wall of complainant's house and the exterior line of the wall of the defendant's house where the window is opened being 1.68 meters and the distance between the door and the said wall being 69 centimeters. And the complainant alleges that such encumbrance or servitude is being enjoyed by the defendant against the wishes of complainant and has a value of more than $500; that likewise the defendant has built on the lot adjoining the North side-wall of the house of the complainant, a privy with septic and filtering cesspools at a distance varying from 39 to 46 centimeters from the said side-wall of the house of the complainant to the exterior line of the wall of said privy and cesspools, and the complainant alleges that in the construction of the privy and cesspools the said defendant made excavations more than 1 meter deep and that such encumbrance or servitude at that distance is being enjoyed by the said defendant against the wishes of complainant and has a value of more than $1,000; that the Municipality of San Sebastián has prepared a plan of the urbanized lands within its municipal district, which plan has been approved by the Director of Sanitation. And the complainant alleges that in the said plan are included Miradero and Miraflores streets, and the said Municipality of San Sebastián, knowing the said streets are less than 10 meters in width, has illegally permitted the defendant to build the house described in the fourth count of this complaint at a distance of less than 5 meters from the centre of the said streets, and also the said house occupies the whole area of the lot granted by said municipality without leaving at least a 20 per cent space in relation to the area built upon.

"The defendants, by their Attorney Alfredo Blasco Pagán, answered the complaint and alleged: That they admit the first allegation of the complaint, in so far as the residence and capacity of the parties are concerned; that they deny each and every one of the other allegations of the complaint, alleging as new matter of defence that by virtue of the concession granted to defendant Rodríguez by the co-defendant, the Municipality of San Sebastián, the said Rodríguez, without injury to the plaintiff and in the exercise of a right conferred upon him, built at his own expense a frame house roofed with zinc on Miradero and Miraflores streets of San Sebastián, which house was built with the knowledge and consent of the complainant, who made not the least objection or opposition thereto; that

when the said house had been finished in compliance with all the legal requirements, after it had been inspected by the sanitation authorities, permission was granted him to occupy the same, which he did.

"After trial the court rendered judgment sustaining the complaint only as to the allegation 'that defendant Nicolás Rodríguez has a window opening directly upon the house of the complainant, the distance between the side-wall of complainant's house and the exterior line of the wall of the defendant's house where the window is opened being 1.60 meters, and dismissing the said complaint as to its other allegations; in view of which it was ordered that said defendant Nicolás Rodríguez close the window in the south wall of the said house within five days, without special imposition of costs.'

"This judgment is sustained by the oral and documentary evidence introduced by both parties. It appears from said evidence examined as a whole that defendant Nicolás Rodríguez built the said house in conformity with the requirements of the Municipality of San Sebastián and the Department of Sanitation and without any protest on the part of complainant Narciso Rabell during the construction of said house, nor does it appear to be shown that said plaintiff resorted to any proper recourse of law to secure the suspension or cessation of the work on the said house, notwithstanding the fact that the said plaintiff was present in San Sebastián when the house was being constructed and therefore had knowledge of the work which defendant Nicolás Rodríguez was doing, and the plaintiff cannot now complain of acts done with his own consent. It appears also from the evidence that the said plaintiff made no complaint to the Municipality of San Sebastián, which authorized defendant Rodríguez to build his house, nor to the sanitary authorities, in order to prevent the building of the house or to require that it be constructed in accordance with the provisions of the ordinances of said municipality. Likewise, it is an uncontradicted fact that after the house was finished defendant Rodríguez occupied the same with the express permission of the sanitary authorities and without objection by the municipality, which implies its admission that in building the house the said defendant had complied with its rules and regulations.

"The evidence does not sustain the allegations of counts IV, V, VII and VIII of the complaint, for the said plaintiff failed to introduce the best evidence in this case—that is, the municipal ordinances of San Sebastián which, as said plaintiff alleges, contain the legal limitations or obligations imposed upon the construction of buildings.

The court has no judicial knowledge of the said ordinances, according to section 36 of the Law of Evidence of March 9, 1905. Only the justice of the peace courts specially created with original jurisdiction of violations of municipal ordinances are the courts which by implication have judicial knowledge of said ordinances. Therefore, we do not know the provisions of these ordinances referred to by the plaintiff in his complaint, but assuming that said ordinances contain the legal limitations or obligations imposed upon the construction of buildings as alleged in the said complaint and that the municipality of San Sebastián failed to comply with them or allowed its co-defendant, Nicolás Rodríguez, to do so, such action or omission by the said municipality would only create the obligation to repair the damage done, according to section 1803 of the Civil Code, even admitting as proved, which is not, that any damege was done to the plaintiff and that such damage was due to the fault or negligence of the municipality, which also is not proved, we should only reach the conclusion that as this point was not alleged in the complaint or discussed we cannot now alter its terms in order to weigh and consider a question which was not raised or argued at the trial. It appears to us beyond all doubt that the action brought by the plaintiff against the municipality does not lie, for in the supposition that the acts alleged to have been committed by the said municipality were proved, it does not follow that the house built by co-defendant Nicolás Rodríguez should be destroyed or that he should respond for the acts of another without fault or negligence on his part, inasmuch as it is not definitely claimed in this case, nor does it appear by inference from the evidence introduced, that the house as constructed constitutes a nuisance or public disturbance which should be removed according to law. If the municipality of San Sebastián failed in one way or another to adjust its official acts as such corporation to the provisions of the municipal ordinances regarding the construction of urban buildings and if the sanitary authorities failed to enforce the sanitary laws and regulations governing the same, these are questions which should have been raised in another manner by the institution of other actions providing the proper remedy in such cases independently of defendant Nicolás Rodríguez, who, in the construction of his house, complied with the plans and other rules imposed by the said branches of the Government. In consideration of the foregoing, we understand that on this particular point the action could not be sustained against either the municipality of San Sebastián or Nicolás Rodríguez.

"As regards the servitude of view, section 589 of the Civil Code provides that "windows with direct views, or balconies or any similar openings projecting over the tenement of a neighbor shall not be made if there is not a distance of two meters between the wall in which they are built and the said property." According to section 590, these distances "shall be measured, in cases of direct views, from the outer line of the wall when the openings do not project, (and) from the line of the latter, when they exist." Commenting on these sections, Manresa says in volume 4, pages 766 and 777, of his Commentaries on the Civil Code: 'Direct or facing views are those opened in a wall parallel to the line which divides the two properties or in which in using them a person has his head in its natural position: thence he looks perpendicularly over the dividing line between the wall and the neighboring property.' The provision of the section is somewhat restrictive—windows and balconies—and somewhat demonstrative—or any similar openings. There have been discussions as to whether the provision is applicable to the opening of *a door*, that is, whether the owner of a building is bound by the provisions of sections 582 and 583 (589 and 590 of the Revised Civil Code), in opening *a door* in his own wall and upon his own land, for instance, at a distance of one or one and a half meters. Section 582 has no reference whatever to the *opening of a door*, whose object is not to give views. The jurisprudence of the French and Italian courts has decided the question in the manner pointed out.

"It results from the evidence and from the ocular inspection made by the court that the owner of the house, Nicolás Rodríguez, built in the side-wall of said house a window opening directly upon the neighboring house belonging to plaintiff Narciso Rabell at a distance of less than the two meters measured according to said section 590, and this being the case, it is evident that such servitude of view should disappear as contrary to law."

The prayer of the complaint, in substance and in so far as necessary to be stated, was for judgment:

"I. Decreeing that the usufructuary concession granted by the Municipality of San Sebastián to defendant Nicolás Rodríguez on the lot owned by said municipality is null and void and that defendant Nicolás Rodríguez demolish at his own cost the house described in the fourth count of this complaint.

"II. Or that the house of the complainant is not subject to any servitude in favor of the property of the defendant and decreeing

as a consequence that defendant Nicolás Rodríguez remove the said house from the South side-wall of the house of the complainant to a distance not less than four meters from said wall and close and remove the privy and septic and filtering tanks to a distance not less than ten meters over the said house of the complainant.

"III. Or that the privy and tanks be removed by the complainant to the said distance and that he close the window and door in the South wall of his said house, or that the said wall on the south side be removed to a distance of not less than two meters from the North wall of complainant's house."

The only assignment of error is that the district court did not properly apply various laws, ordinances and regulations and more specifically the circular issued by the Insular Government on June 7, 1893, generally known as the "Law of Zones," directing the various municipal councils of the island to proceed to the division of the towns into zones and providing that within certain of these zones the houses should not be less than four meters distant each from the other; a resolution of the Municipal Council of San Sebastián dated August 10, 1893, dividing the town into zones, mentioned in the statement of the case as having been introduced in evidence and erroneously referred to by appellant in his brief as attached to the record; and various health regulations.

While incidentally it is said that the court below erred in not ordering the closing of the door as well as the window opening on plaintiff's premises, appellant does not explain in detail how the district court failed to "apply" or, as at times otherwise expressed, "infringed" these laws, ordinances and regulations, the only logical inference being that such infringement or failure properly to apply consists in not having decreed the demolition or removal of defendant's newly built house and sanitary improvements or at least the closing of the opening used as a means of ingress and egress.

Nor does appellant make it at all clear how the mere failure of the municipal and Insular officials rigidly to enforce municipal ordinances and Insular health regulations can confer on him a right to the destruction of his neighbor's

house erected in strict accordance with plans and specifications first submitted to, and approved by, the municipal and health authorities, or created in his favor any new cause of action not arising out of the encroachment upon some personal or property right recognized by law as vested in him.

Appellant seems simply to assume not only that the circular of 1893 is still in full force and effect, as to which he may not wholly be wrong, but also, and as to this without any very apparent reason, that the requirement as to a distance of four meters between houses within certain zones is a positive, inflexible, absolute rule of substantive law by virtue whereof property owners within the prescribed zone, once the same is established by municipal ordinance, acquired some sort of intangible right, similar perhaps to that preserved to adjoining property owners by the terms of section 589 of the Civil Code. Inasmuch as the point was not raised below or considered at all by the district court, which disposed of the case on other grounds, we may pass at once to the question actually decided by the trial court, which is not even mentioned by appellant in his brief.

The complaint, in so far as this phase of the case with reference to the defendant Rodríguez is concerned, was dismissed solely on the ground of estoppel, although the court also held that the remedy, if any, as against the municipality, was an action for damages. No error is assigned in this regard nor, as we have just stated, is the question touched upon at all by appellant.

While the ancient Civil Code remedy of an interdict to enjoin the construction or to obtain the demolition of a newly erected structure has been largely, if not entirely, superseded in modern practice by the ordinary proceeding for injunction, and such matters are now governed by general principles of equity, yet the doctrine of estoppel as announced by the district court is quite as well known to the Civil Code as to any court of equity, and from either point of view the application made thereof to the facts in the case

at bar was entirely proper. To hold that a neighbor may sit silently by for weeks or months observing the gradual construction of a house on an adjoining lot, or breaking such silence at intervals by indulging in pleasant conversation with the owner of the new building, commenting on its attractive appearance but without sign of protest or objection, and thereafter may obtain a judicial order for the demolition of such structure merely because municipal or Insular Government officials may have permitted certain slight deviations from some building ordinance or health regulation, would be such plain travesty on justice as to shock the conscience and the intelligence of any good citizen whether lawyer or layman. We do not feel that further argument is necessary to sustain the action of the court below.

While plaintiff in his notice of appeal places no specific limitations on the scope thereof, we do not understand that he intends to complain of so much of the judgment as was in his favor, as to which he could not be heard in any event, and defendant has not appealed. We therefore do not pass on the decree of the court below that the window be closed.

While it is suggested that the district court erred in not ordering the door likewise to be sealed, no authority is cited and no sound reason is given in support of such assignment. Section 589 of the Civil Code places very positive and rather severe restrictions on the free use and enjoyment of property, and should not be extended by a too liberal interpretation to include matters not clearly within the contemplation of its framers. Had they intended to include doors among the "windows, * * * balconies, or other similar projections," enumerated, the most natural course would have been to do so by name and not by implication. Moreover, as shown by the trial judge and authority quoted by him, there is no logical basis for any such inference from the language actually employed.

The judgment must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.